upon such contract, defendant himself made contracts with his cus-
tomers, and fixed times when he would deliver said goods, or por-
tions of them, to said customers, and made contracts for the sale and
delivery of said goods at specific dates; that plaintiff failed to com-
ply with its contract, and to deliver the goods at the times spec-
ified, and in consequence thereof the defendant was himself unable
to comply with the contracts he had entered into with his customers,
and thereby lost the profit he would have made, if he had been able
to make deliveries as he had agreed. The plaintiff is not entitled to
a bill of particulars of the shipments which, as between plaintiff and
defendant, were not made in due time; for it must be presumed
to know what the contract was in regard to the time of shipment,
and also what the actual dates of shipment were, and whether they
conformed to the contract or not. It is, however, entitled to know
the names of the customers with whom defendant made the time
contracts, which he was, by reason of plaintiff's default, unable to
carry out, and of the amounts and kind of goods he had agreed to sell
to each, and the profits he claims to have lost by reason of his in-
ability to carry out such contracts.

The motion will be granted, to the extent indicated in this mem-
orandum, but without costs. Order to be settled on notice.

Motion granted, without costs.

---

(36 App. Div. 196.)

### HARTLEY v. MURTHA et al.

(Supreme Court, Appellate Division, First Department. January 20, 1899.)

1. APPEAL AND ERROR—REVERSAL—DECISION—SECOND TRIAL—LAW OF THE
    CASE.
        A dismissal of an action on a building contract, on the ground that
    the contractor had not obtained a certificate from the architect that the
    work had been completed according to contract, as required thereby,
    was reversed, because the evidence showed such requirement had been
    waived. On the second trial the evidence as to the waiver was the same
    as on the first. Held, that the waiver of the requirement was res judicata.

2. MECHANICS' LIENS—ALTERATIONS BY TENANT—LIABILITY OF OWNER.
        A lease provided that the tenant should not make any alterations with-
    out the landlord's written consent. Permission was given to make cer-
    tain alterations then contemplated, but required that the plans and spec-
    ifications therefor should be first submitted to the landlord; but the ten-
    ant made the repairs without submitting the plans and specifications to
    the landlord, and without her knowledge or consent. Held, that the evi-
    dence did not establish such consent on the part of the landlord as would
    render the property liable to a mechanic's lien for such alterations.

Appeal from special term, New York county.

Action by James Hartley against Sophia E. Murtha, impleaded with
others. From a judgment dismissing the complaint as to defendant
Murtha, plaintiff appeals; and, from a judgment against defendant
Philip J. O'Neill, he appeals. Affirmed.

The following is the opinion of the court below (BEEKMAN, J.):

This is the second trial of this action, pursuant to an order of the appellate
division reversing a judgment dismissing the complaint and directing a new

trial. The complaint was dismissed on the first trial because of the failure of the plaintiff to prove that, before the commencement of the action, he presented to the defendant O'Neill an architect's certificate showing that the work had been completed according to contract, the contract containing a provision requiring that to be done before the obligation to pay the plaintiff should mature. The action was not brought, in terms, upon the contract, the complaint being cast in the form of an action to foreclose a mechanic's lien predicated upon a quantum meruit. The answer, while averring that the work was done under a written contract, does not set forth the terms of the contract, nor does it in any way refer in specific terms to a failure to comply with this stipulation. The ground of reversing was apparently twofold: First, that the question was not raised at the trial, and that, if the attention of the plaintiff had been called to the objection, it might have been obviated by proof of a waiver of the alleged condition; second, that the evidence would have justified a finding that there was such a waiver. Hartley v. Murtha, 5 App. Div. 408, 39 N. Y. Supp. 212. At page 411, 5 App. Div., and page 214, 39 N. Y. Supp., the court says: "The contract required a certificate to be made as a condition of the payment of the first as well as the last installment for the work and materials, and yet the $1,000 in cash was paid, and the $1,000 note was given, without requiring the certificate; and, when this action was begun, O'Neill made no objection by reason of the nonproduction of the certificate. He did not ask that a certificate be obtained. He said nothing whatever about a certificate, but contented himself with complaining about the work itself. These facts, fairly construed, would have justified a finding that there had been a waiver of the condition precedent of furnishing a certificate, even if such condition under the terms of this contract existed. It seems to us that, upon the facts disclosed in this case, the learned trial court erred in dismissing the complaint on the merits. The materials had all been furnished, and the work had all been properly done, before the action was commenced. The plaintiff was entitled to be paid the balance of the contract price, whatever it was, and to have his lien established therefor." The evidence upon this trial seems to have been the same as that formerly adduced, certainly so far as the references thereto contained in the above opinion are concerned. The law of the case therefore seems to be established upon this point, and I therefore find that the condition requiring the production of the certificate in question was waived.

I do not think, however, that the plaintiff has established a valid lien upon the property as against the owner, Sophia Murtha. The claim for such a lien is predicated upon a lease made by her to the defendant O'Neill, which contains the following provisions: First, the usual covenant that the tenant will not make any alterations in the premises "without the written consent of the said party of the first part [the lessor] under the penalty of forfeiture and damages"; second, a special provision which reads as follows: "Whereas, said party of the second part covenants to make for his convenience on or before September 1, 1893, certain alterations and extraordinary repairs to said premises of the value of at least about five thousand dollars, which will materially modify said building, it is hereby agreed, in consideration of the premises, that all such improvements, alterations, and repairs will be of a substantial character and quality, and done by and with the consent and approval of said party of the first part, the plans and specifications thereof to be first submitted to her, and that all such improvements, when completed, shall belong to and become the absolute property of said party of the first part, except the movable bar, fixtures pertaining thereto, chandeliers, and such like detachable fixtures." The lease in a subsequent clause further provided that the party of the second part "is also to comply with all the. orders, rules, regulations, and requirements of the board of health, fire, and municipal authorities of the city of New York, relating to said premises, and to save and protect said party of the first part harmless therefrom." It is contended that this stipulation involves such a consent by the owner, within the meaning of the mechanic's lien law, as to subject her property to any lien which may be filed pursuant to that law for work done and materials furnished in carrying out the contemplated improvement. In Cowen v. Paddock, 137 N. Y. 188, 33 N. E. 154, the court says (page 193, 137 N. Y., and

page 155, 33 N. E.): "While it is doubtless true that the consent required by the lien law need not be expressly given, but may be implied from the conduct and attitude of the owner with respect to the improvements which are in process of construction upon his premises, still, the facts from which the inference of a consent is to be drawn must be such as to indicate at least a willingness on the part of the owner to have the improvements made, or an acquiescence in the means adopted for that purpose, with knowledge of the object for which they are employed." The application of the rule to the case where consent is given by a landlord to improvements upon the demised premises which the tenant seeks to make is defined in the case of Hankinson v. Vantine, 152 N. Y. 20, 46 N. E. 292, where the court holds that a stipulation that the lessee will not make any alterations without the consent of the lessor under penalty of forfeiture and damages, standing by itself, is not sufficient to support a lien where such a consent has been given, on the ground that its purpose is to avoid the effect of the covenant and thus prevent a forfeiture, and that, where such a consent is given, the only effect is that the relation of the parties becomes the same as if no such covenant had existed in the lease.

The evidence in this case utterly fails to show any consent on Mrs. Murtha's part to the particular work which was done upon the property. It must therefore be found, if at all, under the special stipulation contained in the lease which is above quoted. An examination of that provision, however, discloses the fact that certain things were to be done before the consent of the landlord should become operative, namely, that the consent of the building department should be obtained, and that the plans and specifications for the work should be first submitted to her. The consent of the building department was obtained. But the proofs show that the plans and specifications were never submitted to Mrs. Murtha; that she had no knowledge of what was being done, and did not know that the alterations were being made until after they had been entirely completed. The requirement that the plans and specifications should be submitted before any consent on the part of the landlord should become operative was not technical, but was substantial in its nature, and an important protection to her rights and interests. As it was utterly disregarded, it is plain that the work proceeded without her consent, and that her property is in no way liable for the lien which the plaintiff has attempted to impose upon it. The plaintiff cannot complain of this result. He should have made inquiry with respect to the condition of the title before he extended credit to the defendant O'Neill. Had he done so, he would have discovered the provisions of the lease, and could have protected himself by exacting a compliance with the conditions upon which the consent of the landlord depended. This he failed to do, and the contract which he made with O'Neill was entered into exclusively upon the credit which he gave to the latter. It follows that the complaint must be dismissed as to the defendant Murtha. It appears that the lease which was made to the defendant O'Neill was assigned by him to one Edward W. Ashley, prior to the making of the contract, and that subsequently, but at what date it does not appear, it was, in turn, assigned by Ashley to Mary O'Neill, the wife of the defendant Philip J. O'Neill. Although Mrs. O'Neill has been made a party defendant, it appears that she has not been served with the summons, nor has she entered an appearance in the action. It is therefore difficult to see how any judgment can be awarded which would make the lien operative upon the leasehold interest. The only relief, then, that the court can award to the plaintiff, is a money judgment for the amount of the plaintiff's claim as proven against the defendant Philip J. O'Neill. It is claimed, however, on the part of the defendant, that there was a payment of $1,000 made to the plaintiff on account of his work by giving to him a note for that sum made by Mary O'Neill to the order of Philip J. O'Neill, and indorsed by him, which note was accompanied by some additional security, the exact nature of which does not appear from the evidence. I think, however, upon the whole, that the proofs show that this note was not accepted by the plaintiff as a payment, but only by way of additional security. It should not therefore be deducted from the amount of his claim. The judgment, however, should provide for the surrender of the note and security upon the payment

of the amount awarded. Judgment is directed accordingly. The decision and judgment should be settled on notice.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

James Kearney, for plaintiff.
Michael Fennelly, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of court below.

---

THAMES LOAN & TRUST CO. v. HAGEMEYER et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

1. APPEAL AND ERROR—REVERSAL—DECISION OF APPELLATE COURT—RES JUDICATA—LAW OF THE CASE.
   A decision of an appellate court reversing a judgment for failure to give an instruction warranted by the uncontradicted evidence is not binding on the trial court on the second trial, where further evidence is introduced changing the aspect of the case, and making such issue a question for the jury.

2. EVIDENCE—ADMISSIONS.
   A written statement by the makers of a note that it was issued by them, and was good commercial paper, and "is good business paper for value received," is admissible in an action on the note to contradict the payee's statement that he gave nothing therefor, and that the note had its inception when it was passed from him to the indorsee.

3. COSTS—EXTRA ALLOWANCE.
   An extra allowance of costs was improperly granted on plaintiff's stipulation that he would waive the same if defendants did not appeal.

Appeal from trial term, New York county.
Action by the Thames Loan & Trust Company against George Hagemeyer and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Transferred from First to Second department. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William C. Beecher, for appellants.
Alfred J. Taylor, for respondent.

WILLARD BARTLETT, J. On a previous appeal a judgment in favor of the plaintiff was reversed, and a new trial was ordered, because the court refused to charge the jury that, upon the uncontradicted evidence, the note in suit, which was made by George Hagemeyer & Sons to William H. Chew, had its inception when it was sold by one Cokefair to the person who bought it for the plaintiff. Trust Co. v. Hagemeyer, 17 App. Div. 533, 45 N. Y. Supp. 594. Upon the trial which the present appeal brings up for review, the court was requested to charge the same proposition; but declined to do so, and this refusal is assigned as error in the first point of the appellants' brief. Of course, it would have been erroneous if the proof had been the same as it was upon the first trial; but there was additional evidence of great, if not controlling, significance. There

56 N.Y.S.—44